UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

MARLENE MORTEN,

          Defendant.

_____/

Case No. 2:22-cv-730-SPC-KCD

## ORDER

Defendant Marlene Morton moves in limine to exclude a handful of witnesses and documents that she claims the United States did not list in its Rule 26 initial disclosures. (Doc. 86.)[1] The United States responded in opposition. (Doc. 92.) For the reasons below, the motion is denied.

Exclusion of relevant evidence "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). "Evidence is excluded upon a motion in limine only if [it] is clearly inadmissible for any purpose." *Dagostino v. Fed. Express Corp.*, No. 2:22-CV-447-JES-KCD, 2023 WL 5498862, at *1 (M.D. Fla. Aug. 25, 2023). Unless the movant meets the "high standard" of showing that the evidence is categorically inadmissible, "evidentiary rulings should be deferred until trial

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*.

"Denial of [a motion in limine] means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Gonzalez*, 718 F. Supp. 2d at 1345. It "does not necessarily mean that all evidence contemplated by the motion will be admitted." *Id*. And, "[i]n light of the preliminary or preemptive nature of motions in limine, any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited." *Holley v. Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836, at *1 (S.D. Fla. Nov. 15, 2021).

To start, it is unknown whether the Government will rely on any of the documents or witnesses Morton seeks to preclude. Trial is several months away, and divorced from any context, it is impossible to predict whether her motion is needed. Given these issues, the Court prefers to resolve the admissibility of any evidence at trial, after hearing the facts and any objections. Similarly, because Rule 37(c)(1)[2] already operates to preclude the Government's use of any undisclosed information, a motion in limine to that effect is seemingly superfluous.

---

[2] Rule 37(c)(1) provides that a party who fails to provide information required by Rule 26(a) or (e) "is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Another problem is that Morton asks the Court to exclude *any* documents "related to these individuals that were not properly disclosed." (Doc. 86 at 25.) Motions in limine are not vehicles for excluding evidence wholesale. *See TB Food USA, LLC v. Am. Mariculture, Inc.*, No. 2:17-CV-9-FTM-29NPM, 2021 WL 4963464, at *2 (M.D. Fla. Oct. 26, 2021). They should be targeted, identifying "specific pieces of evidence that are inadmissible[.]" *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *1.

For these reasons, Morton's Motion in Limine (Doc. 86) is **DENIED WITHOUT PREJUDICE**. To the extent the Government seeks to introduce undisclosed witnesses or evidence at trial, Morten can raise a timely objection.

**ORDERED** in Fort Myers, Florida on July 18, 2025.

Kyle C. Dudek
United States Magistrate Judge